UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID K. LAMB,

    Petitioner,

v.
    Case Number 22-11178
    Honorable David M. Lawson

JAMES SCHIEBNER,

    Respondent.
_____/

**ORDER TRANSFERRING SECOND OR SUCCESSIVE HABEAS PETITION TO THE COURT OF APPEALS PURSUANT TO 28 U.S.C. § 1631**

Michigan prisoner David K. Lamb is serving a life sentence for his 1999 state court convictions of first-degree murder and other offenses. He challenges those convictions in a petition for a writ of habeas corpus filed under 28 U.S.C. § 2254, alleging that he has discovered new evidence proving his innocence, and that the trial court refuses to act on his motion for post-conviction review. However, the petitioner previously filed a petition under 28 U.S.C. § 2254 that challenged those same convictions. That petition was denied on the merits by the ruling of the district court in 2009. *See Lamb v. Palmer*, No. 03-73587, ECF No. 97, 98 (E.D. Mich. 2009). Since then, Lamb filed a number of successive petitions for a writ of habeas corpus and requests in the court of appeals for permission to do so. The Sixth Circuit summarized the relevant procedural history as follows:

> In 1999, a jury convicted Lamb of four counts of first-degree murder, one count of armed robbery, and one count of possession of a firearm during the commission of a felony. He was sentenced to four concurrent terms of life imprisonment for the murder convictions and a consecutive term of two years' imprisonment for the firearm conviction. His convictions were affirmed on direct appeal. *See People v. Lamb*, 666 N.W.2d 672 (Mich. 2003) (table); *People v. Lamb*, No. 225989, 2002 WL 31955204 (Mich. Ct. App. Dec. 17, 2002).

> In 2003, Lamb filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. In 2009, after Lamb returned to the state courts to exhaust his state-court remedies, *see People v. Lamb*, 723 N.W.2d 818 (Mich. 2006), the district court denied his amended petition on the merits, and we denied a certificate of appealability, *Lamb v. Palmer*, No. 09-1833 (6th Cir. Sept. 2, 2010) (order). In addition to various attempts to obtain state post-conviction relief, Lamb has filed in this court six prior requests to file a second or successive habeas corpus petition, all of which we have denied. *See In re Lamb*, No. 19-2061 (6th Cir. Dec. 18, 2019) (order) (listing cases).
>
> On July 22, 2020, Lamb filed a "Petition for Rule 60(b)(6)," asserting that the district court improperly denied his Fourth Amendment claim in his original habeas petition due to the rule announced in *Stone v. Powell*, 428 U.S. 465, 482 (1976), which held that a Fourth Amendment illegal-search-and-seizure claim is not cognizable on federal habeas review when the petitioner was afforded a full and fair opportunity to litigate the claim in state court. He also argued that he should be allowed to amend his original habeas petition and raise claims of ineffective assistance of trial and appellate counsel. He then filed a motion seeking to convert his original Fourth Amendment claim into a Sixth Amendment claim. The district court determined that it could consider Lamb's Fourth Amendment claim under Rule 60(b) without authorization from this court because its earlier denial of the claim under the *Stone* rule was not on "the merits." The district court determined that the claim was untimely under Federal Rule of Civil Procedure 60(c)(1), and that it had not erred when it applied *Stone* in Lamb's original petition. The district court denied as moot Lamb's request to amend his original habeas petition and transferred the remaining claims to this court for consideration of whether to grant Lamb leave to file a second or successive § 2254 petition. Lamb did not file a notice of appeal of the district court's denial of his Rule 60(b) motion.

*In re Lamb*, No. 21-1230, at 1-2 (6th Cir. June 22, 2021).

As it had done with his previous requests to file a successive habeas petition, the Sixth Circuit denied Lamb's motion for authorization.  *Id.* at 3.

An individual seeking to file a second or successive habeas petition must first ask the court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998).  Congress has vested in the court of appeals the function of screening such second or successive petitions. *Felker v. Turpin*, 518 U.S. 651, 664 (1996).  When a habeas petitioner files a second or successive petition for habeas corpus relief in the district court without preauthorization from the court of appeals, the

district court must transfer the matter to the court of appeals. *See* 28 U.S.C. § 1631 (directing that "[w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed"); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (holding that "when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631").

The petitioner cannot proceed with the claims raised in his present petition without first obtaining permission to file a second or successive habeas petition from the court of appeals. The Court therefore will direct the Clerk of Court to transfer the motion to the court of appeals pursuant to *In re Sims* and 28 U.S.C. § 1631.

Accordingly, it is **ORDERED** that the Clerk of Court shall transfer the petition to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.

s/David M. Lawson<br>
DAVID M. LAWSON<br>
United States District Judge

Date:   June 9, 2022